IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. CR 19-4140 RB

JOSE E. MARTINEZ LOPEZ,

    Defendant.

**FILED** UNITED STATES DISTRICT COURT LAS CRUCES, NEW MEXICO APR 29 2021 MITCHELL R. ELFERS CLERK OF COURT

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Martinez-Lopez's pro se Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement Imposed as a Special Condition of Supervised Release Based on Risk of COVID-19 (Doc. 21), and on his counseled Sealed Motion for Compassionate Release (Doc. 29). Having reviewed the motions, the record, and the applicable law, the Court finds the motions are well-taken and should be **granted**.

**I.**    **Background**

On November 12, 2019, Mr. Martinez-Lopez pled guilty to an Information charging re-entry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). (*See* Docs. 10; 14.) The Court sentenced Mr. Martinez to 24 months imprisonment on December 17, 2019. (Doc. 19.) Mr. Martinez-Lopez has served approximately 18 months of his sentence, and his anticipated release date is July 5, 2021. *See* Federal Bureau of Prisons, www.bop.gov/inmateloc/.

Mr. Martinez-Lopez, who is housed at CI Giles W. Dalby now moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to grant him compassionate release due to the COVID-19 pandemic. (Doc. 29 at 2.)

1

## II. Discussion

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Martinez-Lopez filed a request for compassionate release with the warden of CI Giles W. Darby on July 24, 2020. (*See* Doc. 21 at 2.) The warden acknowledged that Mr. Martinez-Lopez has "been diagnosed with or suffer from various medical conditions that could possibly cause you to be more susceptible to contracting the coronavirus," yet he has "a detainer with the U.S. Immigration and Customs Enforcement (ICE) and [is] not a citizen or national of the United States." (*Id.* at 6.) Thus, the warden denied his request on August 24, 2020. (*Id.*) It appears that Mr. Martinez-Lopez filed a grievance appealing the denial of his request for compassionate release, which was denied on November 3, 2020. (*See id.* at 7.) Mr. Martinez-Lopez then appealed the denial to the BOP Privatization Management Branch on November 6, 2020. (*See id.* at 8.) The Government concedes that under these circumstances, Mr. Martinez-Lopez has exhausted his administrative remedies for purposes of his motion. (*See* Doc. 33 at 3.)

Mr. Martinez-Lopez seeks compassionate release pursuant to § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has

certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Mr. Martinez-Lopez brings his motion under § (1)(D), other reasons. (Doc. 29 at 15.)

Mr. Martinez-Lopez asserts that "extraordinary and compelling" circumstances exist due to the unprecedented COVID-19 pandemic. (*Id.*) He argues that his medical conditions and his advanced age (53 years) put him at risk for severe illness from COVID-19. (*Id.* at 3–12.) The Court agrees that Mr. Martinez-Lopez suffers from medical conditions that put him at risk for severe illness in the face of COVID-19. He has been diagnosed with type 2 diabetes, obesity, and tuberculosis. (*See id.*; *see also* Doc. 26 at 5, 71.) The Government acknowledges that the CDC lists type 2 diabetes, obesity, and "advanced age" as conditions that put individuals at an increased risk for severe illness from COVID-19. (Doc. 33 at 5.) *See also People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). Thus, the Government concedes that Mr. Martinez-Lopez has demonstrated extraordinary and compelling circumstances that qualify for potential release in the face of the pandemic. (*See id.* at 3.)

The Government argues, however, that Mr. Martinez-Lopez's "recent experience with COVID-19 undermines any argument that his age or current medical conditions would likely result in serious complications." (Doc. 33 at 5.) Mr. Martinez-Lopez "tested positive for COVID-19 on July 22, 2020, recovered, and fortunately has no apparent lasting effects from the virus." (*Id.* (citing Docs. 26 at 18, 89; 29 at 9).) Thus, the Government asserts, any argument pertaining to the risks of COVID-19 "falls far short of the high bar for such relief after he defeated the virus with no reported symptoms and no ill effects." (*Id.* (citing *United States v. Krietzman*, 17-cr-00477-BLF-

3

1, 2020 WL 4368191, at *3 (N.D. Cal. July 30, 2020)).) Many of the cases the Government relies on, however, deal with inmates who experienced *asymptomatic* cases of COVID-19 or who had no severe symptoms. (*See id.* at 5–8 (citing, *e.g.*, *Krietzman*, 2020 WL 4368191, at *3 (noting asymptomatic case); *United States v. Logan*, No. 1:15-cr-00027-MR-WCM, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) (same); *United States v. Eddings*, No. 2:09-cr-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020) (same); *United States v. Risley*, No. 1:12-cr-0363 AWI, 2020 WL 4748513, at *7 (E.D. Cal. Aug. 17, 2020) (no severe symptoms)).) Here, Mr. Martinez-Lopez experienced problems breathing, chest discomfort, nausea, and vomiting, and was placed on IV fluids in isolation. (*See* Doc. 26 at 101, 103.) And as Mr. Martinez-Lopez replies, "the government has not established that he would be immune from re-infection and suffer a severe and life-threatening reaction[,]" particularly in the face of new variants of COVID-19. (Doc. 34 at 2 (citing *United States v. White*, No. 3:17-CR-00104-2, 2021 WL 268719, at *4 (M.D. Tenn. Jan. 27, 2021)).)

The Court also notes that the warden's denial of Mr. Martinez-Lopez's request—along with the warden's acknowledgement that Mr. Martinez-Lopez remained vulnerable to complications from COVID-19—occurred *after* he had tested positive. (*See* Docs. 21 at 6 (warden's letter dated Aug. 24, 2020); 26 at 18, 89 (health records noting positive COVID-19 test on July 22, 2020).) On balance, the Court finds Mr. Martinez-Lopez has shown extraordinary and compelling circumstances.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other

4

person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Martinez-Lopez would pose a danger to public safety if he were to be released. (Doc. 33 at 9.) It points to two drug convictions, the first from 1989 and the second from 1997; a 1989 conviction for carrying a concealed weapon; and a 2009 conviction for illegal reentry. (*Id.* at 9–10 (citing PSR ¶ 15).) As Mr. Martinez-Lopez is currently incarcerated for a second illegal reentry conviction, the Government argues that the Court should not receive a "windfall" via an early release due to the pandemic. (*Id.* at 10.)

The Court registers its concern for the past convictions but notes that the drug and weapons convictions are decades old. The more recent convictions are non-violent. Mr. Martinez-Lopez has "maintained a clear conduct record while in custody" and "will go directly into immigration proceedings" to be reunited with his wife and children in Honduras. (*See* Doc. 30 at 25.) He "does not intend to contest removal." (*Id.*)

The Government offers no persuasive reason that the Court may not grant compassionate release and order immediate release from BOP custody to ICE pursuant to the detainer. *See, e.g., United States v. Ardila*, No. 3:03-CR-264 (SRU), 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (granting compassionate release to inmate due to pandemic and ordering immediate release to ICE custody "pursuant to [the inmate's] underlying detainer"); *United States v. Molina Acevedo*, No. 18 CR. 365 (LGS), 2020 WL 3182770, at *3 (S.D.N.Y. June 15, 2020) (finding that inmate was "not eligible for home confinement because he is subject to a[n ICE] detainer" but would have otherwise been a candidate and granting compassionate release due to pandemic and ordering immediate release to ICE custody for deportation).

Mr. Martinez-Lopez has served over 75% of his 24-month sentence. Upon review of the relevant factors, and considering the fact that Mr. Martinez-Lopez has served a majority of his

sentence and is eligible for release in less than three months, the Court finds that the sentence he has served thus far is adequate under § 3553(a), particularly in the face of this novel pandemic, "a risk that the Court did not anticipate and to which it certainly did not intend to expose Mr. [Pompey] when it sentenced him . . . ." *See United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *4 (D.N.M. May 14, 2020). Accordingly, the Court will grant Mr. Martinez-Lopez's motion and reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

Prior to his release from BOP custody, Mr. Martinez-Lopez must quarantine in BOP custody for a period of 14 days to avoid any potential exposure of the community to COVID-19. BOP shall begin calculation of the 14-day quarantine period on the day BOP receives this Order. Finally, Mr. Martinez-Lopez must test negative for COVID-19 during his quarantine period, subsequent to any positive tests and prior to his release from BOP custody.

**THEREFORE,**

**IT IS ORDERED** that Mr. Martinez-Lopez's pro se Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement Imposed as a Special Condition of Supervised Release Based on Risk of COVID-19 (Doc. 21) and his counseled Sealed Motion for Compassionate Release (Doc. 29) are **GRANTED** and his sentence is reduced to time served.

**IT IS FURTHER ORDERED** that Mr. Martinez-Lopez shall be released into the custody of ICE for removal to Honduras as outlined in this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

7